IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:16-CR-305-D |
| VS. § | |
| § | |
| PAUL TERRY PERDUE, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Paul Terry Perdue ("Perdue") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the court denies the motion.

I

On November 29, 2020 Perdue filed an emergency motion for compassionate release (COVID-19) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based, *inter alia*, on "the extraordinary and compelling circumstances presented by the current pandemic and [Perdue]'s particular susceptibility to COVID-19 due to several medically-documented risk factors that place him at a significant risk for severe complications or death per CDC guidelines." D. Mot. at 1. In a December 21, 2020 order ("Dec. 21 Order"), the court denied the motion.

The Dec. 21 Order was issued before the Fifth Circuit decided *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), which held that U.S.S.G. § 1B1.13, a Sentencing Commission policy statement, only applies to motions filed by the Director of the Bureau of

Prisons ("BOP") and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93. Although the court in its Dec. 21 Order denied Perdue's motion after considering the factors of 18 U.S.C. § 3553(a), *see* Dec. 21 Order at 3-5, the order contained references to Sentencing Commission policy statements that could be read as treating the policy statements as binding, *id.* at 2 ("the court's decision must also be 'consistent with applicable policy statements issued by the Sentencing Commission'"); *id.* at 3 ("the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'").

Perdue sought reconsideration, and, after the court denied his motion on January 5, 2021, he appealed. The Fifth Circuit decided *Shkambi* on April 7, 2021. Then, on August 17, 2021, the Fifth Circuit vacated the Dec. 21 Order. *United States v. Perdue*, 856 Fed. Appx. 528, 529 (5th Cir. 2021) (per curiam). The panel wrote, in pertinent part: "The district court denied Perdue's motion without the benefit of intervening Fifth Circuit authority. Therefore, we VACATE the district court's order and REMAND for further consideration in light of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021)."). *Id.* at 529.

On remand, the court permitted Perdue to supplement his November 29, 2020 motion, which he did by filing a post-remand memorandum of points and authorities concerning compassionate release ("Supplement") on October 14, 2021. The court permitted the government to respond to the Supplement, and allowed Perdue to file a reply to the government's response.

II

The court now turns again to Perdue's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), giving the motion, as the Fifth Circuit's decision requires, "further consideration in light of [*Shkambi*]." *Perdue*, 856 Fed. Appx. at 529.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

B

In light of the court's decision below that, considering the § 3553(a) factors, Perdue should not be released, it will assume *arguendo*, as it did in its Dec. 21 Order, that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See,*

---

[1]The court will assume *arguendo*, as it did in its Dec. 21 Order, that Perdue has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A). *See* Dec. 21 Order at 2 n.2.

*e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now analyzes the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). To be clear, the court does *not* consider itself to be bound by § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

Perdue is currently serving a 90-month sentence for receipt of child pornography. His

projected release date is December 17, 2022.[2] Assuming this projected release date holds, he still has slightly more than 11 months to serve.

The court finds that releasing Perdue now would not reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. *See United States v. Perdue*, 237 F.Supp.3d 471, 474 (N.D. Tex. 2017) (Fitzwater, J.) (noting when denying defendant's motion to suppress that he used the dark web to log on to the Playpen website where he clicked on a post entitled, "8 Year Old Blonde," which contained child pornography); *see also Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

After even if the court assumes *arguendo* that reducing Perdue's sentence will not undercut needed deterrence to criminal conduct or impact the need to protect the public from further crimes of the defendant, these two factors do not function as vetos of the court's findings on other sentencing factors in § 3553(a). In other words, where reducing a child pornography offense sentence would result in a sentence that does not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, a

---

[2]Perdue states in his Supplement that he has been accepted into, and is presently completing, the Residential Drug Abuse Program, and that, as a result, his projected release date, inclusive of good conduct time, has been advanced from the previous date of December 17, 2023 to December 17, 2022. This assertion is confirmed by the BOP website, which reflects the new release date.

court is not obligated to grant compassionate release simply because the original sentence may no longer be needed to afford adequate deterrence to criminal conduct or to protect the public from further crimes of the defendant.

Weighing the § 3553(a) factors together, the court concludes that Perdue's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, for the reasons explained, the court denies Perdue's November 29, 2020 motion for compassionate release, as supplemented on October 14, 2021.

**SO ORDERED**.

January 6, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE